UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGEL LUIS ORTIZ,<br>      Petitioner, | :<br>:<br>:      PRISONER |
| v. | :      CASE NO. 3:06cv895 (CFD)<br>: |
| WARDEN MARTIN,<br>      Respondent. | :<br>: |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Angel Luis Ortiz, currently confined at Cheshire Correctional Institution in Cheshire, Connecticut, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for murder, felony murder, capital felony, kidnapping, robbery, conspiracy to commit murder, conspiracy to commit kidnapping and conspiracy to commit robbery. In opposition to the petition, the respondent notes that the petition is a mixed petition, containing exhausted and unexhausted claims, and argues that the petition should be dismissed or stayed.

**I.      Standard**

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." See O'Sullivan, 526 U.S. at 845. The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted). In other words, "[t]he claim presented to the state

court ... must be the 'substantial equivalent' of the claim raised in the federal habeas petition." Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003) (citations omitted). Second, he must have "utilized all available mechanisms to secure appellate review of the denial of that claim." Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)).

## II.     Discussion

Ortiz challenges his conviction on eleven grounds: (1) the trial court erred in refusing to allow evidence of a third-party's culpability; (2) Ortiz' probable cause hearing was unlawful because the state suppressed a police report; (3) the probable cause hearing was unlawful because the state suppressed a witness statement; (4) violation of the statutory right to a speedy trial; (5) violation of the constitutional right to a speedy trial; (6) the trial court should have suppressed an out-of-court identification of his co-defendant; (7) the trial court should have conducted an in camera review of a witness' psychiatric records; (8) the state failed to present sufficient evidence of his guilt; (9) the trial court should have charged the jury on accessorial credibility; (10) the trial court improperly instructed the jury on reasonable doubt and the presumption of innocence; and (11) ineffective assistance of counsel.

In addition to addressing the merits of the petition, the respondent notes that several grounds were not properly exhausted.  Ortiz raised grounds one through seven, nine and ten on direct appeal.  In ground eight, Ortiz argues that the state failed to present sufficient evidence of his guilt.  Ortiz did not raise this challenge on direct appeal.  There, he argued that his conviction was against the weight of the evidence. See Resp't Mem., Doc. # 20, App. C at 55 (Defendant is not claiming insufficiency of

the evidence...his argument is that the verdict was against the manifest weight of the evidence.").

In ground eleven, Ortiz argues that trial counsel was ineffective because counsel should have (1) presented an alibi defense through Ortiz' "common law" wife of twenty-five years, (2) called Angel Romero to testify regarding the involvement of the state's key witness in the murders, and (3) should have explored in detail the police report indicating the existence of an informant with information regarding the key witness' connection to the murders.  Ortiz filed a state habeas petition on the ground that he was afforded ineffective assistance of counsel.  In the state petition he raised three issues: (1) counsel should have presented an alibi defense through Ortiz' common-law wife, (2) counsel failed to make a prima facie showing to qualify for an in camera review of a witness' psychiatric records and (3) counsel failed to subpoena the social security records of that witness.  See Resp't's Mem. App. G at 3-7.  Thus, the only ground for relief common to both petitions is that counsel failed to present an alibi defense.  On appeal of the denial of the state habeas petition, however, Ortiz did not seek review of counsel's failure to present an alibi defense.  See Resp't's Mem. App. H at i, 9; Ortiz v. Commissioner of Correction, 91 Conn. App. 484, 485 (2005).  Thus, Ortiz has not fully exhausted any of the issues included in ground eleven.

Because the eighth and eleventh grounds for relief are unexhausted, this is a mixed petition, containing both exhausted and unexhausted claims.  The United States Court of Appeals for the Second Circuit has cautioned the district courts not to dismiss a mixed petition where an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court.  See Zarvela v. Artuz, 254 F.3d 374, 380-83

(2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'").

There is a one year limitations period for filing a federal petition for writ of habeas corpus challenging a state conviction. See 28 U.S.C. § 2244(d)(1). The limitations period commences when the conviction becomes final and may be tolled by a properly filed application for state post-conviction relief. See 28 U.S.C. § 2244(d).

The Connecticut Supreme Court affirmed Ortiz' conviction on March 17, 2000. The limitations period would begin to run on June 15, 2000, at the expiration of the time within which Ortiz could have filed a petition for certiorari to the United States Supreme Court. See Pratt v. Greiner, 306 F.3d 1190, 1195 n.1 (2d Cir. 2002). Ortiz filed his state habeas petition on May 17, 2000. Because the filing of a state habeas petition tolls the limitations period, the limitations period did not begin to run until November 3, 2005, when the Connecticut Supreme Court denied Ortiz' petition for certification. The limitations period expired on November 3, 2006.

If the court were to require Ortiz to refile another habeas action after he finishes exhausting his state court remedies with regard to the unexhausted claims included in this petition, he would be time-barred from pursuing an action in federal court. Accordingly, the court will dismiss this action without prejudice to reopening. Ortiz may file an amended petition and motion to reopen this action after he has exhausted his state court remedies with regard to grounds eight and eleven.

### III.     Conclusion

The petition for writ of habeas corpus [**Dkt. No. 1**] is **DISMISSED** without prejudice for failure to exhaust state court remedies.

After he exhausts his state court remedies with regard to all claims he wishes to raise in federal court, Ortiz may move to reopen this case.  Alternatively, he may now file a motion to reopen accompanied by an amended petition that omits the unexhausted claims.  Ortiz is cautioned, however, that if he elects to file an amended petition omitting the unexhausted claims, he may be precluded from obtaining federal review of the unexhausted claims at a later time.

The court concludes that jurists of reason would not find it debatable that Ortiz has not exhausted his state court remedies with regard to all claims included in this petition.  Thus, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to enter judgement and close this case.

**SO ORDERED.**

Dated this 23rd day of January, 2009, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge